UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| D.M., a single woman, | ) | NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| MARC O'LEARY, a single man; | ) | |
| CITY OF LYNNWOOD, a political | ) | |
| subdivision of the State of Washington; | ) | |
| STEVEN J. JENSEN; JEFF A. | ) | |
| MASON; JERRY RITGARN; | ) | |
| COCOON HOUSE, a Washington | ) | |
| Corporation; JANA HAMILTON; and | ) | |
| WAYNE NASH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

   **COMES NOW** the above-named Plaintiff, by and through her attorney of record,

H. Richmond Fisher, and by way of claims alleges as follows:

## I.   INCORPORATION

   By reference, each paragraph contained herein is incorporated as support for each

paragraph which follows.

COMPLAINT – 1

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

## II.   PARTIES

1.      Plaintiff DM, a single woman, is currently a resident of the State of Wyoming.  At all times relevant hereto Plaintiff DM was 18 years old, resided in Lynnwood, Washington, and participated in Project Ladder/Project Mariposa, a youth residential housing program that supports homeless youth transitioning from foster care to independence that was managed by Defendant COCOON HOUSE.

2.      Defendant MARC PATRICK O'LEARY ("O'LEARY") raped Plaintiff DM on August 11, 2008 in Lynnwood, Washington, raped a woman in Kirkland, Washington, several months later, was apprehended in Colorado in February, 2011, plead guilty to those crimes and was sentenced for those crimes in Snohomish County, Washington, Superior Court on June 6, 2012.

3.      Defendant O'LEARY was convicted of raping several women in Colorado.

4.      Defendant O'LEARY is presently serving time in a Colorado state correctional facility for the crimes of raping DM, the woman in Kirkland, Washington, and the Colorado women.

5.      Defendant, CITY OF LYNNWOOD ("CL") is a political subdivision of the State of Washington.  Among other things CL provided law enforcement services through its police department ("CLPD").  CLPD's mission is to enforce the law and ensure the community's safety.  CLPD's purpose is to protect citizens from harm.

COMPLAINT – 2

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

6. Defendant, STEVEN J. JENSEN ("Chief JENSEN"), is the Chief of the City of Lynnwood Police Department, who at all times relevant hereto was acting under color of state law. In his role as Chief, Defendant JENSEN is responsible for formulating and implementing CLPD's policies and procedures and ensuring that its officers are properly hired, trained, supervised, and disciplined.

7. Defendant JERRY RITGARN ("Det. RITGARN"), at all times relevant hereto, was a City of Lynnwood Police Officer with the rank of Detective, who at all times relevant hereto, was acting under color of law.

8. Defendant JEFF A. MASON ("Sgt. MASON"), at all times relevant hereto, was a City of Lynnwood Police Officer, who at all times relevant hereto, was acting under color of law.

9. Defendant JAMES AUBREY FELDMAN ("FELDMAN") is an attorney licensed to practice law in the State of Washington, and is the City of Lynnwood Pubic Defense Attorney who represented Plaintiff DM in the criminal proceeding that is relevant to Plaintiff's claims in this action.

10. Defendant COCOON HOUSE is a corporation incorporated in the State of Washington and, at all times relevant hereto, provided residential management and case management services for Project Ladder/Project Mariposa under contract with the State of Washington and Snohomish County.

11. Upon information and belief at all times relevant hereto Project Ladder/Project Mariposa was funded by the U. S. Department of Housing and Urban

COMPLAINT – 3

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

Development, the State of Washington Department of CTED (now Department of Commerce) and Snohomish County.

12.     At all times material hereto Plaintiff DM, as a participant in Project Ladder/Project Mariposa, resided in an apartment in Lynnwood, WA, managed by Defendant COCOON HOUSE and received residential management services and case management services from Defendant COCOON HOUSE.

13.     Defendant JANA HAMILTON ("HAMILTON") was employed by COCOON HOUSE at all times relevant herein, and upon information and belief was the manager of the facility in which DM resided.

14.     Defendant WAYNE NASH ("NASH") was employed by COCOON HOUSE at all times relevant herein, and upon information and belief was the Case Manager for Plaintiff DM.

15.     Defendant HAMILTON and Defendant NASH acted in concert with Defendant Sgt. MASON and Defendant Det. RITGARN to deprive DM of her Constitutional Rights.

16.     Defendant HAMILTON and Defendant NASH at all times relevant hereto acted under color of law.

### III.     JURISDICTION AND VENUE

17.     This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1367.  Tort Claim filed with City of Lynnwood on October 31, 2012.

COMPLAINT – 4

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

18.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. Section 1339 because Defendant CITY OF LYNNWOOD and Defendant COCOON HOUSE reside in this jurisdiction and a substantial portion of the events, acts, and omissions occurred in Snohomish County, Washington, within the Western District of Washington.

### IV.     STATEMENT OF FACTS

19.     Defendant O'LEARY raped Plaintiff DM on August 11, 2008, in Lynnwood, Washington.

20.     During the course of the assault, Defendant O'LEARY threatened Plaintiff DM with a butcher knife, bound her wrists with a shoe string he had removed from her shoes, stuffed a pair of underwear in her mouth as a gag, blindfolded her, and took photographs of her.

21.     A few months after Defendant O'LEARY raped Plaintiff DM, he raped another woman in Kirkland, Washington.

22.     Defendant O'LEARY was arrested in Lakewood, Colorado on or about February 13, 2011 on suspicion of raping several women in Colorado and was connected to the rape of DM on August 11, 2008.

23.     Defendant O'LEARY was returned to the State of Washington, plead guilty to the crimes of raping DM and the aforesaid Kirkland, Washington, woman in

COMPLAINT – 5

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

Snohomish County, Washington, Superior Court on June 6, 2012, and was sentenced for those crimes.

24.     Defendant MARC O'LEARY is currently incarcerated in a Colorado state correctional facility and is serving his sentence for the rape of DM and his sentence for the rape of the aforesaid Kirkland, Washington, woman, along with his sentences for the crimes of raping several women in Colorado.

25.     After the rapist Defendant O'LEARY exited DM's apartment on the morning of the rape, DM freed herself from her bonds and called her upstairs neighbor and her Cocoon House Case Manager, Defendant NASH, and reported the rape to them.

26.     The neighbor called the City of Lynnwood, Washington, Police Department and reported the crime.  Lynnwood Police Officer A. Miles was the first to arrive on the scene shortly after 8:00 AM that morning.  Defendant Sgt. MASON, Defendant Det. RITGARN and Lynnwood Police Officer J. Kelsey also arrived that morning to investigate the crime.  Plaintiff DM related the facts above to the police officers.

27.     During their investigation, the officers made evidentiary observations and identified and took possession of the physical evidence that supported DM's story.  See Officer Miles' Report dated August 11, 2008, Exhibit 1, DM's statements to Defendant Sgt. MASON on August 11, 2008, contained in Report of Defendant Sgt. MASON dated 8/22/08, Exhibit 2, p. 2, paragraph 9 – p. 4, paragraph 5, list of evidentiary items

COMPLAINT – 6

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

identified by Lynnwood Police Officer Detective Kelsey and Lynnwood Police Officer

Miles, Exhibit 3, and list of evidence compiled from the LPD officer reports, Exhibit 4.

28.     The evidence collected on the day Plaintiff DM was raped by Defendant

O'LEARY also includes the following:

a.     Police Officer J. Kelsey observation of red marks on both of DM's

wrists where the rapist had tied her wrists behind her back with a shoe string (Officer

Kelsey's report, dated August 22, 2008, exhibit 5, p. 2, paragraph 4);

b.     Photographs of those red marks on both of Plaintiff DM's wrists

taken by Officer Kelsey on the day Plaintiff DM was raped, Exhibit 6 a-d;

c.     Observations of the same marks on Plaintiff DM's wrists made by

Dr. Eric Fields, MD, who examined DM at the Providence Hospital Emergency Room on

the day of the rape.  His report states "... trauma noted to wrists bilaterally…"  See Report

of Dr. Eric Fields, M.D., dated August 12, 2008, Exhibit 7, paragraph 5;

d.     Photographs of those red marks observed by Dr. Fields, MD taken

at Providence Hospital on the day of the rape Exhibit 8a, b, and c;

e.     Dr. Fields report on the day of the rape, Exhibit 7a, documented

additional physical evidence of the rape as follows:  "She did report sexual assault by an

armed invader to her apartment with trauma noted bilaterally to her wrists and abrasions

to inner aspect labia minora."  See Exhibit 7, paragraph 5;

COMPLAINT – 7

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

f.      Defendant HAMILTON, the Cocoon House manager, was present in the Emergency Room at Providence Hospital with Plaintiff DM and Dr. Fields when Dr. Fields made these observations.

29.     The evidence collected by the Lynnwood Police Officers is listed in Exhibit 3 and includes the following:

a.      the shoe string used to bind her wrists behind her back during the rape;

b.      pair of underwear tied with shoe string used as blindfold or gag;

c.      butcher knife used by Rapist to threaten her;

d.      white handled kitchen knife used by CT to try to cut the shoe string that bound her wrists;

e.      the pair of scissors that she used to cut the shoe string that bound her wrists;

f.      the black tennis shoes without the laces/shoe strings;

g.      wallet;

h.      her driver's license on the bedroom window sill.

30.     The evidence identified in the exhibits above corroborate DM's claim of being raped on August 11, 2008.  On August 13, 2008 Plaintiff DM submitted a written statement to the Lynnwood Police Department that was consistent with her verbal statements to the police on August 11, 2008.  See Exhibit 9.

COMPLAINT – 8

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

31.     Sometime between August 11 and August 14, 2008, Defendant Sgt. MASON spoke with three people who doubted that Plaintiff DM had been raped and thought that she had made up the story.  One was an anonymous caller.  Another was Plaintiff DM's foster mother, Peggy F. Cunningham.  Cunningham and DM had been having a "family quarrel" in the days before DM was raped by Defendant O'LEARY.  Another person was Jordan Schweitzer, a friend with whom DM had a phone conversation on the night she was raped.

32.     None of these individuals claimed that they were with DM at the time she was raped, or that they had any personal knowledge of what DM was doing at the time she claimed that she was raped.  Their opinions had no factual basis.  They were based solely on speculation and conjecture.

33.     Yet, Defendant Sgt. MASON and Defendant Det. RITGARN seized on these unfounded speculations and conjecture as "fact."  They ignored all the objective evidence collected by Lynnwood Police Department and Providence Hospital on the day of the rape that corroborated the rape and is identified in Exhibits 1-9.

34.     Defendant Det. RITGARN admits this in his Follow Up Narrative dated 8/15/08 at page 2.  The report states as follows: "On 8/13 I talked with Sgt. Mason concerning his follow-up on the case.  He told me that based on subsequent interviews and inconsistencies with DM, her foster mother, and her friend, Jordan, who she had talked with on the phone prior to the report, he believed and others believed that DM had made up the story."  See Exhibit 10, p. 2, paragraph 4.

COMPLAINT – 9

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER  ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

35.    Defendant Sgt. MASON and Defendant Det. RITGARN ceased searching for the rapist after Defendant Sgt. MASON spoke with Cunningham and Schweitzer. The police officers believed Cunningham's and Schweitzer's unfounded speculations that Plaintiff DM had not been raped, but had made up the story.

36.    In his report of the August 14, 2008 interrogation of Plaintiff DM, Defendant Sgt. MASON wrote as follows:  "I explained to DM that there were some inconsistencies in the information that she had provided when compared to statements made by other witnesses."  Report of Defendant Sgt. MASON dated 8/22/08, Exhibit 11, p. 2.

37. Citing the "inconsistencies" between the conjecture and speculation of Cunningham and Schweitzer and DM's statements that were supported by objective evidence collected by Lynnwood Police Department and Providence Hospital, Defendant Sgt. MASON and Defendant Det. RITGARN picked up DM in their police vehicle, took her to the Lynnwood Police Station on August 14, 2008.

38.    Plaintiff DM was not free to leave the Lynnwood Police Station under these circumstances.

39.    Defendant Sgt. MASON and Defendant Det. RITGARN failed to advise Plaintiff DM of her right against self-incrimination guaranteed by the Fifth Amendment to the U. S. Constitution.

40.    Defendant Sgt. MASON and Defendant Det. RITGARN failed to give Plaintiff DM her Miranda warnings that she had the right to remain silent, that anything

COMPLAINT – 10

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

that she said could be used against her in a court of law, and that she was entitled to the assistance of counsel, as guaranteed by the Sixth Amendment to the U. S. Constitution.

41.     Defendant Det. RITGARN put words in Plaintiff DM's mouth to extract an involuntary confession from her that she had made up the story.

42.     Defendant Det. RITGARN'S report dated 8/15/08, Exhibit 10, p. 3, paragraph 1, states "I told DM that this (the story that she had been raped) was just a spur of the moment thing that she set up and not something that planned out."

43.     In these words Defendant Det. RITGARN accused DM of the crime of filing a false police report in violation of RCW 9A-84-040.

44.     Defendant Det. RITGARN'S report states "Based on her answer and body language it was apparent that DM was lying about the rape."  Exhibit 10, p. 3, paragraph 1.

45.     Defendant Det. RITGARN and Defendant Sgt. MASON forced DM to write a statement that she had not been raped and had made up the story.

46.     Defendant Sgt MASON and Defendant Det. RITGARN gave Plaintiff DM a form to write a statement that agreed with their view that she had not been raped.

47.     Defendant Det. RITGARN's repot of August 15, 2008, Exhibit 10, continues as follows:  "We left DM alone for a few minutes and found that she had written about half a page.  We went over the statement I noticed that she hadn't mentioned that she made up the story."  Exhibit 10, p. 3, paragraph 1.

COMPLAINT –  11

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

48.     Plaintiff DM resisted the pressure from Defendant Det. RITGARN and Defendant Sgt. MASON to confess that she made up the rape story and refused to admit that she made up the story of being raped.

49.     This statement in which Plaintiff DM does not admit making up the rape is attached as Exhibit 11.

50.     Defendant Sgt. MASON and Defendant Det. RITGARN continued their abusive behavior and bullied Plaintiff DM because she had not written that she had made up the event.

51.     Again Plaintiff DM resisted the pressure of Defendants Sgt. MASON and Det. RITGARN and insisted that she had been raped.

52.     Defendant Det. RITGARN's report continues, "DM became more animated, pounded the table and said that she was 'pretty positive' that it had happened." Exhibit 10, p. 3, paragraph 2.

53.     Defendants Det. RITGARN and Sgt. MASON continued to bully Plaintiff DM until she agreed to write and sign the statement that Defendant Sgt. MASON and Det. RITGARN insisted on.  "We gave her a statement form and she wrote that she had made up the story."  Exhibit 10, p. 3, paragraph 3.  That statement is attached as Exhibit 12.

54.     Defendant Sgt. MASON and Defendant Det. RITGARN failed to advise DM that by signing a statement that she had made up the story, she was also confessing to the crime of filing a false police report in violation of RCW 9A-84-040.

COMPLAINT – 12

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

55.     Defendant Det. RITGARN admits that the written statement of DM that she made up the story of being raped was the product of the "inconsistencies" between the statements of Cunningham and Schweitzer and DM and the LPD "Interview" with DM.

56.     Defendant Det. RITGARN'S report of the August 14, 2008 interrogation of DM concludes as follows:  "Based on our interview with DM and the inconsistencies found by Sgt Mason in some of the statements, we were confident that DM was now telling us the truth that she had not been raped."  Exhibit 10, p. 3, paragraph 3 – p.4, paragraph 1.

57.     The "inconsistencies" used as the pretext for picking up DM and interrogating her on August 14, 2008 refer to the difference between the unfounded speculations and conjecture of Cunningham and Schweitzer that DM had made up the story and Plaintiff DM's statements to Lynnwood Police Department corroborated by objective evidence collected by Lynnwood Police Department and Providence Hospital on the day of the rape, Exhibits 1-9.

58.     This signed involuntary confession by DM extracted by Defendant Sgt. MASON and Defendant Det. RITGARN was the basis of the charge against DM of filing a false police report in violation of RCW 9A-84-040 and her prosecution for that offense. See the Municipal Court of Lynnwood Charge Sheet and Arrest Sheet, Exhibits 15 A and B and the Lynnwood Municipal Court Docket Sheet, Exhibit 16.

COMPLAINT –  13

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER  ST., NO. 308
SEATTLE, WASHINGTON  98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

59.     In his Follow Up Narrative dated 8/15/08 Defendant Det. RITGARN referred to his investigation of the crime scene on August 11, 2008, and stated "I asked to see her wrists as she remembered them being tied behind her back.  I didn't notice any outstanding marks on either of her wrists."  See Exhibit 10, p. 1, paragraph 3.

60.     This statement by Defendant Det. RITGARN written four days after the rape and one day after his obtaining the forced confession of DM is contradicted by the observation of red marks on DM's wrists made on the day of the rape by Lynnwood Police Officer Kelsey, Exhibit 5, the photographs of those red marks taken by Officer Kelsey, Exhibit  6 a-d, the observations of red marks on DM's wrists made by Dr. Eric Fields, MD of Providence Hospital on the day of the rape, Exhibit 7a, and the photographs of those red marks, Exhibits 8a-c.

61.     DM called her housing program case manager, Defendant NASH, on August 15, 2008 and told him that she had spoken with the police on August 14, 2008 and "they don't believe her, so she wants to get a lawyer."  Cocoon House log for DM, Exhibit 13, entry for DM dated 8/15/08.

62.     Neither Defendant NASH, nor Cocoon House Director, Defendant HAMILTON, nor anyone associated with Defendant COCOON HOUSE, assisted Plaintiff DM to obtain a lawyer.

63.     Defendant Sgt. MASON spoke with DM's case manager, Defendant NASH, on August 15, 2008 and he stated that "there wasn't any evidence that a rape occurred and that DM signed a statement saying she made the entire incident up."

COMPLAINT – 14

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER  ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

Defendant Sgt. MASON also spoke with Defendant HAMILTON, Cocoon House Manager.  Exhibit 13, log of DM for 8/15/08.

64.     On August 18, 2008 Plaintiff DM insisted to her Cocoon House case manager, Defendant NASH, and to the Cocoon House director, Defendant HAMILTON, that she had been raped and she wanted to go to the Lynnwood Police Department and recant her statement of August 14, 2008 that she had not been raped, but had made up the story.

65.     The Cocoon House log entry for Plaintiff DM of August 18, 2008, Exhibit 13, includes the following notations:

• Wayne Nash and Jana Hamilton met with DM at her apartment.  Jana Hamilton discussed with DM the information that Sgt. Mason shared with her.

• DM stated she was forced to sign the document under duress.  DM stated that she was in the station for such a long time that she just signed the statement to get out of there.

• Jana Hamilton asked DM if the police should be looking for a rapist.  DM stated yes.

• Wayne Nash and Jana Hamilton took DM down to police station to let the police know that DM "had changed her story again."

• After "listening to all the evidence" Wayne Nash believed the rape didn't occur.

COMPLAINT – 15

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

66.     Cocoon House threatened DM with loss of housing benefits if she filed a false report.

•     Wayne Nash stated to DM that if she lies to the police and files a false statement that would be considered illegal activity and she would be exited from the program. Exhibit 13, entry for August 18, 2008.

67.     Again, Defendants NASH, HAMILTON, and COCOON HOUSE, failed to help Plaintiff DM obtain a lawyer when Defendants NASH and HAMILTO knew that DM claimed the rape had actually happened, that Defendant Sgt. MASON accused DM of lying to the police, that filing a false statement was illegal activity, and that DM wanted to recant the earlier confession.

68.     Defendant NASH had personal knowledge of the objective evidence collected by the CLPD at the crime scene that corroborated Plaintiff DM's claim of being raped because he was one of the first people to arrive at DM's apartment on the morning of the rape and was present during the CLPD investigation.

69.     Defendant HAMILTON had personal knowledge of the objective evidence that supported Plaintiff DM's claim of being raped because she was with DM in the Emergency Room of Providence Hospital with DM and with Dr. Fields when Dr. Fields made his physical observations of red marks on DM's wrists where the rapist Defendant O'LEARY bound her wrists during the rape, photographed those red marks, and made his medical findings, including "abrasion of the labia minora."

COMPLAINT – 16

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

70.     When DM, Cocoon House Director, Defendant HAMILTON, and the Cocoon House Case Manager, Defendant NASH, arrived at the Lynnwood Police Station, the police took Defendants HAMILTON and NASH into a separate room and spoke with them outside the presence of DM.  When the police had finished speaking with Defendants HAMILTON and NASH, they spoke with DM.

71.     Defendant Det. RITGARN and Lynwood Police Officer Sgt. Cohnheim met with DM.  Plaintiff DM told Defendant Det. RITGARN that she wanted to "recant her confession that she had lied about being raped."  The police then took DM into a separate room.  DM stated that the rape actually occurred.  She began crying and said she kept seeing the vision of "him" on top of her.  See Follow up Narrative of Detective Jerry Ritgarn dated 8-21-08, attached as Exhibit 14, paragraph 4.

72.     Defendant Det. RITGARN threatened DM with jail if she took a polygraph and failed and said that "he would not recommend cocoon House assistance for her."  Detective Ritgarn's Follow up Narrative dated August 22, 2008, Exhibit 14, paragraph 3.

73.     At no time during the interrogation of August 18, 2008 did Defendant Det. RITGARN, Sgt. C or any other Lynwood Police Officer advise DM that signing the confession on August 14, 2008 was an admission of committing the crime of filing a false police report in violation of RCW 9A-84-040, that she had a right to be protected against self-incrimination under the Fifth Amendment to the U. S. Constitution, nor did CLPD advise her of her Miranda rights to remain silent, that anything she stated could be used

COMPLAINT – 17

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

against her in a court of law, and that she was entitled to the assistance of counsel under the Sixth Amendment to the U. S. Constitution.

74.     The threats of Defendant Det. RITGARN caused Plaintiff DM to abandon her efforts to recant her statement of August 14, 2008 that she, Exhibit 14, continues as follows:  "DM then told us that the rape didn't occur and that she lied once again."  "We walked DM downstairs to talk with the Cocoon House representatives and they asked DM if she had been raped."  She replied, "No."  See Follow up Narrative of Detective Jerry Ritgarn dated 8-22-08, Exhibit 14, paragraph 3.

75.     In this abusive behavior towards Plaintiff DM on August 18, 2008 Defendant Det. RITGARN and Sgt. Cohnheim disregarded all the objective evidence collected by the Lynnwood Police Department and Providence Hospital on the day of the rape that corroborated DM's claim of rape that she made orally and in writing to the Lynnwood Police Department, Exhibits 1-9.

76.     After Plaintiff DM and the Cocoon House Director Defendants HAMILTON and Cocoon House Case Manager NASH left the Lynnwood Police Station on August 18, 2008 Defendant HAMILTON called an emergency meeting at Cocoon House for all of the participants in Project Ladder.  At the meeting Cocoon House forced Plaintiff DM to state to all the participants that she had lied about being raped, that the rape never happened, and that she had filed a false report of rape.  DM was put on a strict case plan and it was mandatory that DM contact Ken Urie, the mental health counselor. See Exhibit 13, The Cocoon House Log for 8/18/08.

COMPLAINT – 18

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

77.     Plaintiff DM was forced by Cocoon House to undergo a mental health evaluation and mental health counseling.

78.     Plaintiff DM was arrested on 8/22/08 for the crime of filing a False Report on 8/11/08 in violation or RCW 9A-84-040.  See Exhibits 15 A and B attached.

79.     A case was filed against Plaintiff DM on 8/27/08 by the City of Lynnwood Prosecutor.  She appeared in court for arraignment on 9/25/08.  A public defender attorney was appointed to represent DM.  A plea of Not Guilty was entered on her behalf.  See Exhibit 16, p. 2.

80.     Plaintiff DM was arraigned Lynnwood Municipal Court on September 25, 2008 on the charge of filing a false police report.  The plea of Not Guilty was entered.

81.     Plaintiff DM was assigned a public defender attorney on September 25, 2008.

82.     Plaintiff DM appeared in Lynnwood Municipal Court with her public defender attorney on November 10, 2008.

83.     DM appeared in Court again on 3/12/09, on which date she entered into a Pretrial Diversion Agreement.  The terms of the Agreement were as follows:

- Costs imposed of $500.00

- Supervised probation for one year

- Directed to report to Probation Department on April 3, 2009

- No criminal violations for 1 year

- Notify court of address change for 1 year

COMPLAINT – 19

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

- No driving without license and insurance for 1 year

- Mental health evaluation for 1 year, If conditions were met, the charges would be dismissed.  See Exhibit 16, p. 3

84.     Plaintiff completed the terms of the Pre Trial Diversion Agreement.  The charge of filing a false police report was dismissed on April 7, 2010 and the case was closed on April 8, 2010.  See Exhibit 16, p. 3.

85.     In February, 2011, Defendant MARC O'LEARY, was arrested in Lakewood, Colorado for sexual assault and considered a suspect in the rape of DM.

86.     On March 16, 2011 the criminal proceeding against Plaintiff in the Lynnwood Municipal Court was reopened and bail in the amount of $500.00, charged to DM as part of the Pretrial Diversion Agreement, was ordered returned to her and the case was closed on March 17, 2011.  See Exhibit 16, pages 3 and 4.

87.     On April 14, 2011 an order was entered in DM's case as follows: Order Deleting Record From Criminal Justice Agency Files.  See Exhibit 17.

88.     On April 18, 2011 DM received written notice from the Snohomish County Prosecuting Attorney that Defendant MARC O'LEARY had been charged with First Degree Burglary with Sexual Motivation, Kidnapping in the First Degree, and First Degree Rape, a felony.  See Exhibit 18.

89.     On June 6, 2012 Defendant MARC O'LEARY appeared in Snohomish County Superior Court and pled guilty to the rape of DM on August 11, 2008 and to the rape another woman in Kirkland, Washington.

COMPLAINT – 20

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

90.     The conviction of Defendant MARC O'LEARY on June 6, 2012 was the first recognition of a judicial authority, or prosecutorial authority of any kind that Plaintiff had told the truth when she reported to the Lynnwood Police Department being raped on August 11, 2008 and had not filed a false police report.

91.     The conviction of Defendant MARC O'LEARY on June 6, 2012 demonstrated that Defendants Sgt. MASON and Det. RITTGARN had no probable cause to initiate a criminal proceeding against Plaintiff in August, 2008, for filing a false police report because she had in fact told the truth when she reported to the Lynnwood Police Department that she had been raped on August 11, 2008.

92.     The acts and omissions of the Defendants caused harm to Plaintiff including violations of her Constitutional rights and/or set in motion events that caused or contributed to causing violations of Plaintiff's Constitutional rights and other harm which will be proved at trial.

93.     The acts and omissions of Defendants caused damages to Plaintiff and she is entitled to recover for those damages, including punitive damages, which will be proved at trial.

94.     At all times material hereto Defendants COCON HOUSE, NASH, and HAMILTON violated Plaintiff's Constitutional rights by depriving her of her clearly established Constitutional rights.

95.     At all times material hereto Defendants COCON HOUSE, NASH, and HAMILTON acted in concert with Defendants Sgt. MASON and Det. RITTGARN to

COMPLAINT – 21

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

violate Plaintiff's Constitutional rights by depriving her of her clearly established Constitutional rights and to cause other harm to Plaintiff.

### V. FIRST CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS BY DEFENANT SGT. JEFF MASON AND DEFENDANT DET. JERRY RITGARN UNDER 42 USC 1983

96.     The acts and omissions of Defendants CITY OF LYNNWOOD, Sgt. MASON, and Det. RITTGARN violated Plaintiff's clearly established Constitutional rights and deprived her of those rights, including as set forth in the paragraphs below and in other respects.

97.     The acts and omissions of Defendants CITY OF LYNNWOOD, Sgt. MASON, and Det. RITTGARN caused and/or set in motion a series of acts by others, including Defendants COCOON HOUSE, NASH, and HAMILTON, and/or allowed a perpetuation of acts by others, including Defendants COCOON HOUSE, NASH, and HAMILTON, that caused harm to Plaintiff, including the deprivation of her clearly established Constitutional rights.

98.     Defendants CITY OF LYNNWOOD, Sgt. MASON, and Det. RITGARN violated DM's constitutional right to be free of unlawful arrest as guaranteed by the Fourth Amendment to the U. S. Constitution because there was no probable cause to believe or reasonable suspicion to believe that she had committed a crime when she was picked up by Defendants Sgt. MASON and Det. RITGARN in their police vehicle and taken to the Lynwood Police Station and placed in an interrogation room.

COMPLAINT – 22

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

99.     Defendants CITY OF LYNNWOOD, Sgt. MASON, and Det. RITGARN violated Plaintiff's Constitutional right against self-incrimination as guaranteed by the Fifth Amendment to the U.S. Constitution by(a) failing to warn Plaintiff that signing a statement that the rape had not happened and that she made up the story was an admission to filing a false police report, a crime in violation of RCW 9A-84-040, (b) failing to advise Plaintiff that she had a right against self-incrimination, (c) failing to advise Plaintiff that she had a right to remain silent and that anything she said could be used against her in a court of law, and  (d) failing to advise Plaintiff that she was entitled to the assistance of counsel, as guaranteed by the Sixth Amendment to the U. S. Constitution.

100.     The forced, involuntary statement by Plaintiff that she had not been raped, but had made up the story, was used as the basis of the charge against her of filing a false police report in violation of RCW 9A-84-040.  She was criminally prosecuted on that charge.

101.     The apprehension of Defendant MARC O'LEARY in Colorado in February, 2011, the reopening of her case in the Lynnwood Municipal Court on March 16, 2011 to return her bail of $500.00, the Order of April 14, 2011 deleting her record from the criminal agency files, and the conviction of Defendant MARC O'LEARY in Snohomish County Superior Court on June 6, 2012 of the crime of raping Plaintiff on August 11, 2008 constitute irrefutable evidence that Plaintiff was maliciously

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

prosecuted in violation of her clearly established Constitutional rights and deprived of those rights.

102.    Defendant Det. RITGARN's threat to revoke DM's housing benefits ON August 18, 2008 is a deprivation of her property right without the due process of law guaranteed by the Fourteenth Amendment to the U. S. Constitution

103.    Defendant Det. RITGARN's threat on August 18, 2008 to put DM in jail if she failed a polygraph test is a deprivation of her right to liberty without the due process of law guaranteed by the Fourteenth Amendment to the U. S. Constitution and a violation of her Fourth Amendment right to be free of unreasonable seizures.

104.    The acts and omissions set forth above caused damages to Plaintiff and she is entitled to recover for those damages.  Further, Plaintiff is entitled to an award of punitive damages because the aforesaid acts and omissions constitute a careless and reckless disregard for the civil rights of Plaintiff and the other standards necessary for the award of punitive damages.

## VI.    SECOND CAUSE OF ACTION - VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS BY DEFENDANTS CITY OF LYNNWOOD AND POLICE CHIEF STEVEN J. JENSEN

105.    Defendants CITY OF LYNNWOOD and CHIEF JENSEN violated Plaintiff's constitutional rights, as set forth herein, and in other respects, as well.

106.    Defendants CITY OF LYNNWOOD and CHIEF JENSEN have customs and policies that amount to deliberate indifference to the rights of persons with whom its officers regularly come into contact.

COMPLAINT – 24

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

107.    Defendants CITY OF LYNNWOOD and CHIEF JENSEN, with deliberate indifference, failed to properly hire and/or train and/or supervise and/or discipline CLPD's law enforcement officers with regard to the following:

a.      the proper investigation of sexual assault crimes and the treatment of sexual assault victims;

b.      the standards required for the lawful arrest and detention of citizens;

c.      the standards for advising citizens of the right against self-incrimination;

d.      the standards required for giving Miranda warnings to citizens and advising them of their right to counsel;

e.      the standards to prevent law enforcement officers from depriving citizens of their right to liberty without due process of law; and

f.      the standards to prevent law enforcement officers from depriving citizens of their rights to property without due process of law.

108.    Defendants CITY OF LYNNWOOD and CHIEF JENSEN failed to adopt and implement policies for, among other things:

a.      dealing with citizens who are rape victims;

b.      concerning the lawful arrest and detention of citizens;

COMPLAINT – 25

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

c.      concerning advising citizens of their right against

self-incrimination, their right to remain silent and that anything they say could be used

against them in a court of law;

d.      issuing Miranda warnings to citizens and advising them of their

right to counsel;

e.      preventing law enforcement officers from threatening to deprive

citizens of their right to liberty without due process of law;

f.      preventing law enforcement officers from threatening to deprive

citizens of their rights to property without due process of law.

109.    It was highly predictable that these failures would result in constitutional

violations, like those that occurred in this case.  Plaintiff's tragedy was foreseeable

consequence of CLPD's failure to equip its law enforcement officers with the necessary

tools to handle recurring situations, such as those involving citizens who are rape victims,

citizens who are arrested, and citizens who are interrogated and the appropriate decision-

making processes that should accompany dealing with sexual assault victims, as well as

the arrest, protection against self-incrimination, and giving of Miranda warnings, and

advising of the right to assistance of counsel, and preventing its law enforcement officers

from threatening to deprive citizens of their rights to liberty and to their property without

due process of law.

110.    These actions of the officers involved, which deprived Plaintiff of her

constitutional rights, conformed to official policy, custom, and practice of Defendant

COMPLAINT – 26

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

CITY OF LYNNWOOD.  Moreover, Defendant  CHIEF JENSEN has ratified the conduct of Defendant Sgt. MASON and Defendant Det. RITGARN in relation to their treatment of Plaintiff.

111.    As a result of the actions and deliberate indifference of Defendants CITY OF LYNNWOOD and CHIEF JENSEN, Plaintiff was denied the protection she was due as a victim of crime, unlawfully arrested, forcibly interrogated, denied her constitutional rights against self-incrimination and to the assistance of counsel, forced to sign an involuntary confession to a crime she did not commit, falsely charged, maliciously prosecuted and convicted of a crime she did not commit and was placed on probation for a year, and sentenced to go to psychological counseling for her action of "lying" to the police.

112.    Further, the actions of the Defendants caused Plaintiff to experience substantial pain, suffering emotional distress, anxiety, and humiliation.

113.    The failure by Defendants CITY OF LYNNWOOD and CHIEF JENSEN to properly hire and or train and or supervise and/or discipline City of Lynnwood law enforcement officers amounts to deliberate indifference to the rights of the persons with whom members of the City of Lynnwood Police Department regularly come into contact.

**VII.    THIRD CAUSE OF ACTION – NEGLIGENCE BY DEFENDANTS CITY OF LYNNWOOD, SGT. JEFF MASON and DET. JERRY RITGARN**

114.    Defendants CITY OF LYNNWOOD, CHIEF JENSEN, SGT. MASON, and DET. RITGARNN owed Plaintiff the duty of care in conducting the investigation of

COMPLAINT –  27

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

the crime of rape committed by Defendant MARC O'LEARY, including picking her up in their police vehicle, transporting her to the police station, and interrogating her at the police station.  They breached that duty by, among other things, failing to follow standard investigation techniques, procedures, policies, among other failings.

115.    This breach of duty caused damage to plaintiff, and she is entitled to recover for that damage.

## VIII.   FOURTH CAUSE OF ACTION – MALICIOUS PROSECUTION UNDER STATE LAW

116.    The prosecution of Plaintiff by Defendants CITY OF LYNNWOOD, Sgt. MASON, and Det. RITTGARN was instituted and continued by these Defendants, there was no probably cause for the institution of the prosecution,  the proceedings were instituted by malice, the proceedings ultimately terminated in favor of Plaintiff, and Plaintiff has been damaged by this malicious prosecution.

## IX.    FIFTH CAUSE OF ACTION – FALSE ARREST UNDER STATE LAW

117.    There was no probable cause for Defendants Sgt. MASON and Det. RITGARN to pick up Plaintiff in their police vehicle on August 14, 2011 and take her to the police station and detain her there and interrogate her, and Plaintiff has suffered damages from this wrongful conduct.

## X.    SIXTH CAUSE OF ACTION – FALSE IMPRISMENT UNDER STATE LAW

118.    Plaintiff's liberty was intentionally restrained by Defendants Sgt. MASON and Det. RITTGARN and she suffered damages from this wrongful conduct.

COMPLAINT –  28

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

**XI.    SEVENTH CAUSE OF ACTION – OUTRAGE BY DEFENDANTS CITY OF LYNNWOOD, SGT. JEFF MASON and DET. JERRY RITGARN**

119.    The acts and omissions of Defendants CITY OF LYNNWOOD, CHIEF JENSEN, Sgt. MASON, and Det. RITTGRN and the acts that they set in motion constitute extreme and outrageous conduct, the intentional or reckless infliction of emotional distress, resulting in severe emotional distress to Plaintiff.

**CLAIMS AGAINST DEFENDANTS COCOON HOUSE, NASH and HAMILTON**

**XII.    EIGHTH CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS BY DEFENDANTS WAYNE NASH, AND JANA HAMILTON UNDER 42 USC 1983**

120.    Plaintiff realleges paragraphs 1 through 91 as if fully set forth herein.

121.    Defendants JANA HAMILTON and WAYNE NASH at all times material hereto acted in concert with Defendants Sgt. MASON and Det. RITGARN, and other members of the Lynnwood Police Department to deprive Plaintiff of her constitutional rights.

122.    Defendants WAYNE NASH and JANA HAMILTON acted under color of law at all times material hereto.

123.    Defendants JANA HAMILTON, WAYNE NASH, and COCOON HOUSE failed to assist Plaintiff to obtain a lawyer when she requested a lawyer in her telephone conversation with Defendant WAYNE NASH on August 14, 2008.

124.    Defendants JANA HAMILTON, WAYNE NASH, and COCOON HOUSE failed to assist Plaintiff to obtain a lawyer when she told them on August 18,

COMPLAINT – 29

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

2008 that she wanted to go to the Lynnwood Police Station and recant her confession that she had made up the story about being raped.

125.    Defendants JANA HAMILTON and WAYNE NASH deprived Plaintiff of her constitutional rights, including, but not limited to, the right to be free of self-incrimination as guaranteed by the Fifth Amendment to the U. S. Constitution and her right to the assistance of counsel as guaranteed by the Sixth Amendment to the U. S. Constitution.

126.    Defendant WAYNE NASH's threat to revoke DM's housing benefits is a threat to deprive Plaintiff of her property right without the due process of law guaranteed by the Fourteenth Amendment to the U. S. Constitution.

### XIII.   SEVENTH CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS BY COCOON HOUSE UNER 42 USC 1983

127.    Plaintiff realleges paragraphs 1 through 91 of the COMPLAINT as if fully set forth herein.

128.    Defendant COCOON HOUSE violated Plaintiff's constitutional rights, as set forth herein, and in other respects, as well.

129.    Defendants COCOON HOUSE has customs and policies that amount to deliberate indifference to the rights of persons with whom its employees regularly come into contact.

COMPLAINT –  30

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER  ST., NO. 308
SEATTLE, WASHINGTON  98109
TELEPHONE  (206) 282-7895
FAX (206)  285-2057

130.    Defendant COCOON HOUSE, with deliberate indifference, failed to properly hire and/or train and/or supervise and/or discipline its employees with regard to the following:

a.    the proper investigation of sexual assault crimes and the treatment of sexual assault victims;

b.    the standards required and the actions necessary to protect the Constitutional rights of Cocoon House residents when they are investigated by the police;

c.    the standards required and the actions necessary to assist a resident obtain the assistance of an attorney when they are being investigated by the police and specifically request to have the assistance of an attorney;

d.    the standards required to prevent an employee from threatening a resident with revoking housing benefits without due process of law in violation of the Fourteenth Amendment to the U. S. Constitution.

131.    Defendant COCOON HOUSE, failed to adopt and implement policies for, among other things:

a.    standards to follow and actions to take in dealing with residents who are rape victims;

b.    standards to follow and actions to take in dealing with residents who are under investigation by the police;

c.    standards to follow and actions to take in dealing with residents who are under investigation by the police and request the assistance of an attorney.

COMPLAINT – 31

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

132.    It was highly predictable that these failures would result in constitutional violations, like those that occurred in this case.  Plaintiff's tragedy was foreseeable consequence of COCOON HOUSE's failure to equip its employees with the necessary tools to handle situations, such as those involving residents who are rape victims, residents who are investigated by the police, and residents who request the assistance of a lawyer.

133.    These actions of the COCOON HOUSE employees involved, which deprived Plaintiff of her constitutional rights, conformed to official policy, custom, and practice of Defendant COCOON HOUSE.  Moreover, Defendant  COCOON HOUSE has ratified the conduct of Defendants WAYNE NASH and JANA HAMILTON in relation to their treatment of Plaintiff.

134.    As a result of the actions and deliberate indifference of Defendant COCON HOUSE, Plaintiff was denied the protection she was due as a victim of crime, denied the assistance of a lawyer when she told Defendant WAYNE NASH that she wanted a lawyer and when Defendant Nash and when she told Defendants WAYNE NASH and JANA HAMILTON on August 18, 2008 that she wanted to go back to the Lynnwood Police Station and recant her earlier statement that she had not been raped and had made up the story.

COMPLAINT – 32

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

135.    Further, the actions of the Defendants COCOON HOUSE, WAYNE NASH and JANA HAMILTON caused Plaintiff to experience substantial pain, suffering emotional distress, anxiety, and humiliation.

136.    The failure by Defendant COCOON HOUSE to properly hire and or train and or supervise and/or discipline it's employees, including Defendants WAYNE NASH and JANA HAMILTON amounts to deliberate indifference to the rights of the persons with whom employees, including Defendants NASH and HAMILTON regularly come into contact.

## XIV.   NINTH CAUSE OF ACTION – NEGLIGENCE BY DEFENDANTS COCOON HOUSE, WAYNE NASH, and JANA HAMILTON

137.    Defendants JANA HAMILTON, WAYNE NASH, and COCOON HOUSE owed a duty of care to Plaintiff in providing case management and residential management services to her.

138.    These Defendants breached that duty by, among other things, failing to assist Plaintiff to obtain an attorney when she asked for a lawyer on or about August 15, 2008, and on August 18, 2008, when she wanted to go back to the Lynnwood Police Station to recant her written statement of August 14, 2008, by forcing her to state to the housing participants on August 18, 2008 that she had lied to the police, by forcing her to undergo a mental health evaluation and mental health counseling.

139.    Plaintiff was damaged by this breach of duty and is entitled to recover for those damages.

COMPLAINT –  33

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

## XV.   TENTH CAUSE OF ACTION – OUTRAGE BY DEFENDANTS COCOON HOUSE, WAYNE NASH, and JANA HAMILTON

140.    The acts and omissions of Defendants COCOON HOUSE, NASH, and HAMILTON and the acts that they set in motion constitute extreme and outrageous conduct and the intentional or reckless infliction of emotional distress, resulting in severe emotional distress to Plaintiff.

## XVI.   ELEVENTH CAUSE OF ACTION – DEFAMATION BY ALL DEFENDANTS

141.    The acts and omissions of the Defendants constitute false and defamatory communications made by individuals and institutions without privilege who are at fault for making those communications.  Plaintiff has suffered damages by these defamatory communications.

142.    The defamatory communications of Defendants set in motion a course of events that caused or contributed to additional defamatory communications by others without privilege who are at fault for making those communications.  Plaintiff has been damaged by these defamatory communications.

## XVII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment against Defendants CITY OF LYNNWOOD, CHIEF JENSEN, Sgt. MASON, Det. RITGARN, COCOOH HOUSE, JANA HAMILTON, and WAYNE NASH as follows:

(a)     Fashioning an appropriate remedy and awarding Plaintiff general and special damages, including damages for pain, suffering, anxiety,

COMPLAINT – 34

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

humiliation, experienced in the past, the present, and to be experienced in the future pursuant to 42 U.S.C. Section 1983 and Section 1988 in an amount to be proven at trial, including punitive damages;

(b)     Ordering the CITY OF LYNNWOOD to develop and implement appropriate policies and procedures for the hiring, training, supervision, and discipline of law enforcement officers;

(c)     Ordering Defendant COCOON HOUSE to develop and implement appropriate policies and procedures for the hiring, training, supervision, and discipline of its employees;

(d)     Awarding DM reasonable attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, or as otherwise available under the law;

(e)     Awarding DM any and all applicable interest on the judgment; and

(f)     Awarding DM such other and further relief as the Court deems just and proper.

COMPLAINT – 35

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057

1

2

## XVIII. DEMAND FOR JURY TRIAL

3

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a

4

jury for all issues so triable.

5

6

DATED this 5th day of June, 2013.

7

*s/ H. Richmond Fisher*

8

H. Richmond Fisher, Esq.,WSBA # 30946
Law Offices of H. Richmond Fisher

9

105 Mercer St., No. 308

10

Seattle, WA  98109
Telephone (206) 282-7895

11

Fax (206) 285-2057

12

E-mail:  rich@winwinresolution.com
Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT – 36

28

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE  (206) 282-7895
FAX (206) 285-2057