HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.M., a single woman,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MARC O'LEARY, a single man; CITY OF LYNNWOOD, a political subdivision of the State of Washington; STEVEN J. JENSEN; JEFF A. MASON; JERRY RITTGARN; COCOON HOUSE, a Washington Corporation; JANA HAMILTON; and WAYNE NASH,<br><br>　　　　　　　Defendants. | NO. 13-CV-00971-JLR<br><br>DEFENDANTS CITY OF LYNNWOOD, JENSEN, MASON, AND RITTGARN'S RULE 12(b)(6) MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>**Friday, August 2, 2013**<br><br>***ORAL ARGUMENT REQUESTED*** |

## I. RELIEF REQUESTED

Defendants CITY OF LYNNWOOD, STEVEN J. JENSEN, JEFF A. MASON, and JERRY RITTGARN move this Court to dismiss the majority of plaintiff's claims pursuant to Rule 12(b)(6).

## II. STATEMENT OF MATERIAL FACTS

For purposes of this motion only, defendants accept as true the alleged facts in plaintiff's Amended Complaint. (Dkt. 3.) In the early morning hours of August 11, 2008, plaintiff D.M. called her neighbor and told her she had just been raped. (Dkt. 3, ¶¶ 18 & 24.) Lynnwood Police Detective Miles arrived at D.M.'s residence at approximately 8:00 a.m. and took an initial statement from D.M. (Dkt. 3-1.) Also present at that time was Wayne Nash, an employee of Cocoon House; Natalie Liptrap, a neighbor; and Peggy Cunningham, D.M.'s foster-mother. (Dkt. 4-4.) City of Lynnwood Police Detective Jerry Rittgarn and Sergeant Jeff Mason responded to the residence shortly after Det. Miles. (Dkt. 3, ¶ 25.) Officers made observations and took possession of physical evidence that supported D.M.'s story. (*Id.*, ¶ 26.) Officers observed red marks on D.M.'s wrists and took pictures of the marks as evidence. (*Id.*, ¶ 27a-b.)

D.M. was transported to Providence Regional Medical Center in Everett, where she underwent a sexual assault consultation that same day. (Dkt. 3, ¶ 27c.) The doctor who conducted the exam noted trauma to D.M.'s wrists and took additional pictures. (Dkt. 3, ¶ 27c-d.)

On August 13, 2008, D.M. submitted a written statement to the Lynnwood Police Department. (Dkt. 3, ¶ 29.) Between August 11, 2008 and August 14, 2008, Sergeant Mason spoke with three people who doubted D.M.'s story. (*Id.*, ¶ 30.) These three people included one anonymous person, D.M.'s foster-mother, and Jordan Swheitzer. (*Id.*) None of these people were with D.M. at the time of the rape. (*Id.*, ¶ 31.)

On August 14, 2008, Sergeant Mason explained to D.M. that there were inconsistencies

DEFENDANTS CITY OF LYNNWOOD,
JENSEN, MASON, AND RITTGARN'S RULE
12(b)(6) MOTION TO DISMISS (13-CV-00971-JLR) - 2

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

in the information she provided as compared to statements made by other witnesses. (Dkt. 3, ¶ 35.) Detective Rittgarn and Sergeant Mason picked up D.M. in their police vehicle and took her to the police station. (*Id*., ¶ 36.) D.M. alleges that she was not free to leave at that time. (*Id*., ¶ 37.) D.M. further alleges that she was not advised of her right against self-incrimination and that she wasn't given Miranda warnings. (*Id*., ¶¶ 38, 39.) At that same alleged interrogation, D.M. claims that Det. Rittgarn put words in her mouth to extract an involuntary confession. (*Id*., ¶ 40.) D.M. alleges that Det. Rittgarn's actions were an accusation of the crime of filing a false police report. (*Id*., ¶ 42.) Next, D.M. alleges that Det. Rittgarn and Sgt. Mason forced her to write a new written statement in which she stated she had not been raped. (*Id*., ¶ 44.) When her statement did not include that she made up the rape, D.M. alleges the officers bullied her into writing another statement. (*Id*., ¶ 52.) D.M. was not advised that by signing this final statement stating she made up the story, she was confessing to the crime of filing a false police report. (*Id*., ¶ 53.)

On August 15, 2008, Det. Rittgarn completed a follow-up narrative in which he noted observations made on August 11, 2008 that were inconsistent with the evidence collected at the scene. (Dkt. 3, ¶¶ 58, 59.) On that same day, Det. Mason spoke with D.M.'s case manager and explained that there wasn't any evidence of a rape and that D.M. had confessed to making the incident up. (*Id*., ¶ 62.)

Three days later, on August 18, 2008, D.M. spoke with Cocoon House staff and asked to go back to the police station to recant her confession. (Dkt. 3, ¶ 63.) Cocoon House staff allegedly didn't believe her and threatened to take away her housing benefits if she filed a false

DEFENDANTS CITY OF LYNNWOOD,
JENSEN, MASON, AND RITTGARN'S RULE
12(b)(6) MOTION TO DISMISS (13-CV-00971-
JLR) - 3

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

report. (*Id*., ¶¶ 64, 65.) When D.M. and Cocoon House staff arrived at the police station, officers took D.M. and the Cocoon House staff into separate rooms and spoke with them apart. (*Id*., ¶ 69.) D.M. told the officers that she had been raped. (*Id*., ¶ 70.) The officers responded by saying that she would go to jail and they would not recommend Cocoon House assistance to her if she failed a polygraph test. (*Id*., ¶ 71.)

Allegedly, at no time during this August 18, 2008 interaction was D.M. told that her signature on the August 14, 2008 confession was an admission of a crime, nor did any officer explain her rights to her. (Dkt. 3, ¶ 72.) As a result of the threats made by the officers, D.M. again said that the rape did not occur. (*Id*., ¶ 73.)

On August 22, 2008, D.M. was allegedly arrested for the crime of filing a false report. (Dkt. 3, ¶ 77.) The City of Lynnwood Prosecutor filed a case against D.M. on August 27, 2008. (*Id*., ¶ 78.) At her September 25, 2008 arraignment, D.M. received a public defender and entered a plea of not guilty. (*Id.*) D.M. appeared in court on November 10, 2008 and again on March 12, 2009, when she entered into a pretrial diversion agreement. (*Id*., ¶¶ 81-82.)

D.M. completed the terms of the pretrial diversion agreement, and the charge was dismissed on April 7, 2010 and the case closed on April 8, 2010. (Dkt. 3, ¶ 83.) A year later, in February 2011, Marc O'Leary was arrested in Lakewood, Colorado for sexual assault and was considered a suspect in the rape of D.M. (*Id*., ¶ 84.) Shortly thereafter, on March 16, 2011, the Lynnwood Municipal Court reopened D.M.'s case and returned her bail to her. (*Id*., ¶ 85.) D.M.'s case was then closed on March 17, 2011, and her record was deleted from the system on April 14, 2011. (*Id.,* ¶ 86.)

D.M. received a letter from the Snohomish County Prosecutor on April 18, 2011 explaining that Mr. O'Leary had been charged in her case. (Dkt. 3, ¶ 87.) Mr. O'Leary pled guilty on June 6, 2012 to the rape of D.M. (*Id.*, ¶ 88.)

D.M. filed a tort claim with the City of Lynnwood on October 29, 2012. D.M. then waited until June 6, 2013 to file her original complaint. (Dkt. 1.) D.M. filed her first amended complaint the following day, June 7, 2013. (Dkt. 3.)

### III. ISSUES PRESENTED

1. Should the Court dismiss the majority of plaintiff's 42 U.S.C. § 1983 claims against the individual officers, when those claims are barred by the applicable statute of limitations? **YES.**

2. Should the Court dismiss plaintiff's 42 U.S.C. § 1983 claim against the City of Lynnwood, when plaintiff has failed to allege any violation within the applicable statute of limitations? **YES.**

3. Should the Court dismiss plaintiff's negligent investigation claim for failure to state a claim upon which relief can be granted? **YES.**

4. Should the Court dismiss plaintiff's malicious prosecution claim, when the Lynnwood Prosecutor is entitled to absolute immunity? **YES.**

5. Should the Court dismiss plaintiff's false arrest claim, when it is barred by the statute of limitations? **YES.**

6. Should the Court dismiss plaintiff's false imprisonment claim, when it is barred by the statute of limitations? **YES.**

DEFENDANTS CITY OF LYNNWOOD, JENSEN, MASON, AND RITTGARN'S RULE 12(b)(6) MOTION TO DISMISS (13-CV-00971-JLR) - 5

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

7. Should the Court dismiss plaintiff's outrage claim, when it is barred by the statute of limitations? **YES.**

8. Should the Court dismiss plaintiff's defamation claim, when it is barred by the statute of limitations? **YES.**

## IV. EVIDENCE RELIED UPON

Defendants rely on the pleadings already filed in this case.

## V. ARGUMENT AND AUTHORITIES

### A. Fed. R. Civ. P. 12(b)(6).

A defendant who believes that a claim asserted against it fails to state a claim upon which relief can be granted may file a motion asserting this defense before its it files a responsive pleading with the court. Fed. R. Civ. P. 12(b). Defendants City of Lynnwood, Chief Jensen, Sergeant Mason and Detective Rittgarn request that this Court dismiss plaintiff's claims asserted against them because they are time-barred. Plaintiff's claims against Chief Jensen should also be dismissed since they are redundant of the claims against the City of Lynnwood.

### B. Plaintiff's § 1983 Claims Against the Individual Officers Are Barred by the Three-Year Statute of Limitations and Should be Dismissed.

With respect to 42 U.S.C. § 1983 claims, federal courts apply the statute of limitations of the state in which the claim arises. *Donoghue v. Orange County*, 848 F.2d 926, 929 (9th Cir. 1987). In doing so, the Ninth Circuit treats claims under § 1983 as personal injury actions. *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991). Therefore, plaintiff's § 1983 claims are subject to a three-year statute of limitations. RCW 4.16.080(2).

While state law established the statute of limitations applicable to § 1983 claims, "the determination of the point at which the limitations period begins to run is governed solely by federal law." *Hoesterey v. Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991); *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091 (2007) ("the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law").

"Under federal law, the touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id*. (citing *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981)). Additionally, state notice of claim statutes have no applicability to § 1983 actions. *See Felder v. Casey,* 487 U.S. 131, 140-41, 153, 108 S. Ct. 2302 (1988). Therefore, plaintiff's § 1983 claims are not tolled pursuant to the state tort claim act, RCW 4.96 *et seq*.

### 1. Plaintiff's False Arrest § 1983 Claim is Barred by the Three-Year Statute of Limitations.

Plaintiff alleges she was falsely arrested on August 14, 2008 in violation of her Fourth Amendment rights. *Plaintiff's First Amended Complaint*, Dkt. 3, ¶ 72, ¶ 97. A claim for false arrest accrues once an individual is held pursuant to legal process. *Wallace*, 549 U.S. at 389-90. DM was allegedly held on August 14, 2008 making this the date of accrual. The three-year statute of limitations began to run on that date and her claim was time-barred as of August 14, 2011, more than a year before she filed the tort claim and complaint in this case. Therefore, this claim should be dismissed with prejudice.

### 2. Plaintiff's § 1983 Claims Related to Alleged Fifth and Sixth Amendment Violations are Barred by the Three-Year Statute of Limitations.

Plaintiff alleges that her Fifth and Sixth Amendment rights were violated on August 14, 2008 when she signed her written statement and the officers allegedly failed to properly advise her of her rights. *Id*., at ¶ 98. These causes of action accrued, at the latest, on August 27, 2008, the day the case was filed against her and the same day she knew of the alleged injury that is the basis of her claims. The statute of limitations expired three years later on August 27, 2011, over a year before she filed her complaint. These claims should be dismissed with prejudice.

### 3. Plaintiff's § 1983 Claim Under the Fourteenth Amendment for Deprivation of Substantive Due Process is Barred by the Three-Year Statute of Limitations.

Additionally, plaintiff claims that an alleged threat deprived her of a property right on August 18, 2008 in violation of her Fourteenth Amendment right to due process of law. This cause of action accrued on August 18, 2008, the date plaintiff became aware of the alleged "threat" that forms the basis of this claim. The three-year statute of limitations expired on August 18, 2011, well before D.M. filed her complaint. This claim should also be dismissed with prejudice.

### 4. Plaintiff's § 1983 Claims Related to Alleged Fourth and Fourteenth Amendment Violations are Barred by the Three-Year Statute of limitations.

Finally, plaintiff claims defendants threatened her with incarceration if she failed to pass a polygraph test on August 18, 2008. Plaintiff alleges this purported threat violated her Fourth and Fourteenth Amendment rights. Assuming they are actionable, these claims accrued on August 18, 2008, and they are barred by the three-year statute of limitations. The Court should dismiss these claims with prejudice.

C. **Plaintiff's 42 U.S.C. § 1983 Claim Against The City of Lynnwood is Barred by the Three-Year Statute of Limitations.**

Plaintiff also seeks municipal liability for constitutional violations under § 1983 and *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 708, 98 S. Ct. 2018 (1978). Plaintiff may "establish municipal liability by demonstrating that . . . the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (internal quotation marks omitted.) A municipality may also be liable if it fails to properly train peace officers and the failure to train amounts to deliberate indifference to the rights of persons with whom the officers come into contact. *See City of Canton v. Harris*, 489 U.S. 378, 389-91, 109 S. Ct. 1197 (1989).

This cause of action is subject to the same three-year statute of limitations that applies to all other § 1983 claims. *See Donoghue*, 848 F.2d at 929; *see also McDougal*, 942 F.2d at 673-74; *see also* RCW 4.16.080(2). Liability only accrues when a municipality, "under color of some official policy, causes an employee to violate another's constitutional rights." *Monell*, 436 U.S. at 692. *Monell* claims may also accrue pursuant to the continuing violations doctrine. *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997). To invoke the continuing violations doctrine, plaintiff must show "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during [that] period." *Green v. Los Angeles County Superintendent of Schs.*, 883 F.2d 1472, 1480 (9th Cir. 1989) (internal citations omitted). Thus, a continuing violation may be established through a series of related acts against one individual, or by a systematic policy or practice of

discrimination. *Id.*

Plaintiff's *Monell* claim alleges that the City and Chief Jensen promulgated customs and policies that amount to deliberate indifference to with a known need to train. (Dkt. 3, § VI.) Plaintiff additionally alleges these defendants failed to properly hire and/or train and/or supervise and/or discipline their officers and that defendants failed to implement relevant policies. *Id.*

The acts that allegedly form the basis of this *Monell* claim are the same acts asserted as part of plaintiff's § 1983 claims against the individual officers. Additionally, plaintiff does not plead any facts to support an allegation that there was a "series of related acts against one individual" or any "systematic policy or practice of discrimination" that would effectively toll the three-year statute of limitations period. *See Green,* 883 F.2d at 1480. The latest action allegedly taken by these defendants occurred on April 7, 2010, when D.M.'s case was dismissed after completion of all pretrial diversion agreement requirements. The statute of limitations therefore expired three years later on April 7, 2013, two months before plaintiff filed his Complaint. The Court should dismiss plaintiff's § 1983 claim against the City with prejudice.

**D.  The Court Should Dismiss Plaintiff's Negligent Investigation Claim.**

"A claim of negligent investigation will not lie against police officers." *Laymon v. Dep't of Natural Resources*, 99 Wn. App. 518, 530, 994 P.2d 232 (2000) (citing *Fondren v. Klickitat County*, 79 Wn. App. 850, 905 P.2d 928 (1995)); *Donaldson v. City of Seattle*, 65 Wn. App. 661, 831 P.2d 1098 (1992)). The courts have only found a cause of action for negligent investigation against DSHS caseworkers. *Babcock v. State*, 116 Wn.2d 596, 610, 809 P.2d 143 (1991); *Lesley v. Department of Soc. & Health Serv.*, 83 Wn. App. 263, 273, 921 P.2d 1066 (1996); *Dunning v.*

*Pacerelli*, 63 Wn. App. 232, 238-40, 818 P.2d 34 (1991).

The basis of plaintiff's negligent investigation claim is that these defendants "owed Plaintiff a duty of care in conducting the investigation of the crime of rape… ." *Plaintiff's First Amended Complaint*, Dkt. 3, ¶ 113. Because there is no state law cause of action for negligent investigation, this claim should be dismissed.

E. **Plaintiff's State Law False Arrest and False Imprisonment Claims Are Barred by the Two-Year Statute of Limitations and Should be Dismissed.**

The statute of limitations for both state law false arrest claims and false imprisonment claims is two years. *Heckart v. Yakima*, 42 Wn. App. 38, 39, 708 P.2d 407 (1985); *see also* Wash. Rev. Code § 4.16.100(1). "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." 2 H. Wood, *Limitation of Actions* § 187d(4), p 878 (rev. 4th ed. 1916); *see also* 4 Restatement (Second) of Torts § 899, Comment c (1977). Plaintiff alleges she was falsely arrested on August 14, 2011 when she was taken to the police station, detained there, and interrogated. Plaintiff further alleges she was falsely imprisoned when her "liberty was intentionally restrained by Defendants… ." (Dkt. 3, ¶ 117.)

First, the August 14, 2011 date alleged by plaintiff is erroneous and does not match her statement of the facts. The alleged transport, "detention," and "interrogation" occurred on August 14, <u>2008</u>, according to plaintiff's statement of the facts. Plaintiff makes no allegation that these defendants did anything on August 14, 2011.

Defendants deny these allegations. However, even assuming the events that are alleged to have occurred on August 14, 2008 constituted either false arrest or false imprisonment, the

two-year statute of limitations ran on both of these claims nearly three years ago.

Furthermore, while RCW 4.96.020(4) tolls the applicable statute of limitations for a maximum of 65 days after a tort claim is filed with the City, the tolling statute does not remedy plaintiff's timing problem, because the two-year statute of limitations for both the false arrest and the false imprisonment claims ran long before the tort claim was filed on October 29, 2012. Plaintiff's state law false arrest and false imprisonment claims are barred by the two-year statute of limitations and should be dismissed.

**F. Plaintiff's Outrage Claim is Barred by the Three-Year Statute of Limitations and Should be Dismissed.**

The tort of outrage is subject to a three-year limitation. *Cox v. Oasis Physical Therapy, PLLC,* 153 Wn. App. 176, 192 (Wash. Ct. App. 2009); RCW 4.16.080(2*).* The statute begins to run when the plaintiff knew the relevant facts, not when the plaintiff knew that those facts were sufficient to establish a legal cause of action. *Allen v. State*, 118 Wn.2d 753, 758, 826 P.2d 200 (1992).

Plaintiff alleges that the acts and omissions of defendants and the acts that they set in motion form the basis for an outrage claim. According to plaintiff's statement of facts, the last date that any action was taken or "set in motion" by any of these defendants, and the day she would have known the relevant facts, was March 12, 2009, when she appeared in court and entered into a pretrial diversion agreement. After that date, these defendants took no further action. With this start date, the three-year statute of limitations ran on March 12, 2012, well before the complaint was filed in this case on June 6, 2013. This claim is similarly unaffected by

any brief tolling of the statute of limitations by the tort claim statute as the tort claim was filed on October 29, 2012, after the statute of limitations already ran. Plaintiff's outrage claim is barred by the three-year statute of limitations and should be dismissed.

**G.  Plaintiff's Defamation Claim is Barred by the Two-Year Statute of Limitations and Should be Dismissed.**

The statute of limitations on a defamation claim is two years. Wash. Rev. Code § 4.16.100(1); *Albright v. State*, 65 Wn. App. 763, 769 n.3, 829 P.2d 1114 (1992). Generally, a tort or personal injury action accrues at the time the tortious act or omission occurs. *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 348, 693 P.2d 687 (1985).

In reading plaintiff's claim, it is unclear what false statement or communication, if any, forms the basis of this defamation claim against these defendants. *See Herron v. KING Broad. Co.*, 112 Wn.2d 762, 768, 776 P.2d 98 (1989) (outlining the elements of a defamation claim). However, the very latest the City of Lynnwood and the individual Lynnwood defendants could have been involved in this case, according to plaintiff's statement of the facts, was April 7, 2010 when D.M.'s case was dismissed after completion of all pretrial diversion agreement requirements. From that point forward, as acknowledged in her statement of the facts, D.M.'s case was no longer being prosecuted in Lynnwood Municipal Court, the Lynnwood Police Department investigation was complete, and neither the City nor the individual officers drafted or distributed any additional reports or communications. Accordingly, the statute of limitations began to run on April 7, 2010 and completed running on April 7, 2012, well before her tort claim was filed with the City and before she filed her original complaint. Plaintiff's defamation claim

against these defendants is barred by the two-year statute of limitations and should be dismissed.

**H.     The Court Should Dismiss As Redundant All Claims Against Chief Jensen.**

It is well established that a 42 U.S.C. § 1983 claim against an individual in his official capacity is redundant of a § 1983 claim against a municipality under *Monell*.  "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra*, local government units can be sued directly for damages and injunctive or declaratory relief."  *Kentucky. v. Graham*, 473 U.S. 159, 167 (1985); *see also Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed").

Plaintiff's Amended Complaint does not state any claims against Chief Steven Jensen in his individual capacity.  Indeed, there is no allegation that Chief Jensen had any involvement in the alleged events that form the basis for plaintiff's lawsuit.  Plaintiff only identifies Chief Jensen as the policymaker for the City who is "responsible for formulating and implementing CLPD's policies and procedures and ensuring that its officers are properly hired, trained, supervised and disciplined."  (Dkt. 3, ¶ 6.)  In pleading her Second Cause of Action, plaintiff makes clear that she is only suing Chief Jensen in his official capacity, in conjunction with the City of Lynnwood.  Because the City of Lynnwood is a defendant and there are no allegations of any acts by Chief Jensen in his individual capacity, the Court should dismiss as redundant all claims against Chief Steven Jensen.

DEFENDANTS CITY OF LYNNWOOD,
JENSEN, MASON, AND RITTGARN'S RULE
12(b)(6) MOTION TO DISMISS (13-CV-00971-
JLR) - 14

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

## VI. CONCLUSION

The vast majority of plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) as time-barred. Defendants City of Lynnwood, Chief Jensen, Sergeant Mason, and Detective Rittgarn respectfully request that this Court dismiss those claims with prejudice, leaving only plaintiff's federal and state law malicious prosecution claims.

DATED this 11th day of July, 2013.

                                  CHRISTIE LAW GROUP, PLLC

                                  By      /s/ Thomas P. Miller
                                      THOMAS P. MILLER, WSBA #34473
                                      Attorney for Defendants City of Lynnwood,
                                       Jensen, Mason and Rittgarn
                                      2100 Westlake Avenue N., Suite 206
                                      Seattle, WA  98109
                                      Telephone:  (206) 957-9669
                                      Fax:  (206) 352-7875
                                      Email:  tom@christielawgroup.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on July11, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

H. Richmond Fisher
LAW OFFICES OF H. RICHMOND FISHER
105 Mercer Street, No. 308
Seattle, WA 98109
Telephone: (206) 282-7895
Email: rich@winwinresolution.com
Attorney for Plaintiff

David J. Russell, WSBA #17289
Beth M. Strosky, WSBA #31036
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Email: drussell@kellerrohrback.com
bstrosky@kellerrohrback.com
Attorneys for Cocoon House, Jana Hamilton, Wayne Nash

                                        CHRISTIE LAW GROUP, PLLC

                                        By    /s/ Thomas P. Miller
                                             THOMAS P. MILLER, WSBA #34473
                                             Attorney for Defendants City of Lynnwood,
                                              Jensen, Mason and Rittgarn
                                             2100 Westlake Avenue N., Suite 206
                                             Seattle, WA 98109
                                             Telephone: (206) 957-9669
                                             Fax: (206) 352-7875
                                             Email: tom@christielawgroup.com

DEFENDANTS CITY OF LYNNWOOD,
JENSEN, MASON, AND RITTGARN'S RULE
12(b)(6) MOTION TO DISMISS (13-CV-00971-
JLR) - 16

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669