Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.M., a single woman, | NO. 2:13-cv-971 |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN |
| v. | |
| MARC O'LEARY, a single man; CITY OF LYNNWOOD, a political subdivision of the State of Washington; STEVEN J. JENSEN; JEFF A. MASON; JERRY RITTGARN; COCOON HOUSE, a Washington Corporation; JANA HAMILTON; and WAYNE NASH, | Note on Motion Calendar: **Friday, August 9, 2013** |
| | ***ORAL ARGUMENT REQUESTED*** |
| Defendants. | |

COMES NOW D.M., Plaintiff in the above styled and numbered cause and opposes Defendants' Motion to Dismiss, requests that it be denied, and states as follows:

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 1
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

### A. Statement of Material Facts

The facts of this case are clearly set forth in Plaintiff's complaint and first amended complaint. Many of the pertinent facts are set forth again in Defendants' Motion to Dismiss. Accordingly, there is no need to set out those facts for a third time.

However, an understanding of the operative dates in this case is necessary to resolve the statute of limitations issues raised by Defendants' Motion to Dismiss. These operative dates are as follows:

1. August 11, 2008, the date Plaintiff was raped by Defendant Marc O'Leary. (Dkt. 3, Pg. 18).

2. August 14, 2008, the date Plaintiff was arrested by Defendants Sgt. Mason and Det. Rittgarn, taken to the Lynnwood Police Station, and forced to sign a statement that the rape had not happened and that she made up the story. Plaintiff was not advised that signing the statement was tantamount to confessing to the crime of filing a false police report in violation of Washington State Criminal Law RCW 9A-84-040. No advice was given to Plaintiff of her 5th Amendment right against self-incrimination, no advice given to Plaintiff of her 6th Amendment right to the assistance of counsel, and no Miranda warning given to her by the police officers. (Dkt. 3, Pgs. 35-57).

3. August 18, 2008, the date that Plaintiff went to the Lynnwood Police Station in the company of Jana Hamilton and Wayne Nash of Cocoon House to recant her August 14, statement that she had made up the story of being raped. Defendant Det.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 2
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

Rittgarn in the presence of Lynnwood Police Officer Sgt. Coheim threatened Plaintiff with jail if she failed a polygraph test and with loss of her housing benefits. (Dkt. 3, Pg. 63, 69-74).

4. August 22, 2008, the date Plaintiff was allegedly arrested for the crime of filing a false police report in violation of Washing State Criminal Law RCW 9A-84-040. (Dkt. 3, Pg. 77).

5. August 27, 2008, the date that Plaintiff was charged with the crime of filing a false police report in violation of Washington State Criminal Law RCW 9A-84-040. (Dkt. 3, Pg. 78).

6. September 25, 2008, the date that Plaintiff was arraigned in Lynnwood Municipal Court and charged with the crime of filing a false police report in violation of RCW 9A-84-040 and appointed a public defender. Plaintiff appeared in Lynnwood Municipal Court with her public defender again on November 10, 2008. (Dkt. 3, Pgs. 79-81).

7. March 12, 2009, the date Plaintiff entered into a pre-trial diversion agreement. (Dkt. 3, Pg. 82).

8. April 7, 2010, the date that the charge against Plaintiff was dismissed pursuant to the pre-trial diversion agreement. (Dkt. 3, Pg. 83).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 3
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

9. February, 2011, the date that Defendant Marc O'Leary was arrested in Lakewood, Colorado for sexual assault and considered a suspect in the rape of Plaintiff. (Dkt. 3, Pg. 84).

10. March 16, 2011, the date that the City of Lynnwood reopened Plaintiff's criminal case and returned her bail. (Dkt. 3, Pg. 85).

11. March 17, 2011, the date the City of Lynnwood closed Plaintiff's criminal case again. (Dkt. 3, Pg. 85).

12. April 14, 2011, the date that the City of Lynnwood ordered DM's criminal record deleted from the Criminal Justice Agency files. (Dkt. 3, Pg. 86).

13. April 18, 2011, the date of the letter to Plaintiff from the Snohomish County Prosecutor stating that Defendant Marc O'Leary had been charged with raping her on August 11, 2008. (Dkt. 3, Pg. 87).

14. June 6, 2012, the date that Defendant Marc O'Leary pled guilty in Snohomish County Superior Court to the crime of raping Plaintiff on August 11, 2008. (Dkt. 3, Pg. 88).

### B. Plaintiff's Section 1983 Claims Against the Individual Officers Were Timely Filed and Should Not Be Dismissed

Plaintiff's tort claim was timely served on Defendants on October 31, 2012 and Plaintiff's complaint alleging violations of 42 USC 1983 was timely filed on June 6, 2013.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 4
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

The Ninth Circuit treats claims under Section 1983 as personal injury claims subject to the state personal injury statute of limitations, which is three years in the State of Washington. *McDougal v. County of Imperial,* 942 F.2d 668, 673-74 (9th Cir. 1991); RCW 4.16.080(2).

However, the date of "accrual" of the cause of action or "the determination of the point at which the limitations period begins to run is governed solely by federal law." *Hoestery v. Cathedral City,* 945 F.2d 317, 329 (9th Cir. 1991). That date is ". . . when a plaintiff knows or has reason to know of the injury which is the basis of his action." Id.

Courts recognize the distinction between the date that an event takes place and the date that injury to plaintiff from that event is discovered. They may be many years apart. An example is an injury to a medical malpractice plaintiff caused by a medical implement left in plaintiff's body from an operation that occurred several years before the discovery of the medical implement.

**1.     The Date of Accrual of the Section 1983 Claims was June 6, 2012.**

In the case at bar events took place from August 14, 2008, the date Plaintiff was arrested and taken to the Lynnwood Police Station through the termination of the City of Lynnwood's criminal proceedings against Plaintiff on April 14, 2011, the date that the Lynnwood Municipal Court ordered that Plaintiff's criminal record be deleted from the criminal justice agency files.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 5
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

**2.  The Injury.**

The injury caused by those events was not discovered until June 6, 2012, when the rapist Defendant Marc O'Leary pled guilty in Snohomish County Superior Court to the crime of raping DM back on August 11, 2008.

O'Leary's plea established not only that Plaintiff had been injured by being falsely charged and prosecuted for the crime of filing a false police report, but also brought to light all the Defendants' wrongful conduct against Plaintiff leading up to and contributing to her being charge and prosecuted wrongly for filing a false police report.

O'Leary's plea established Plaintiff's injuries, including, but not limited to the following:

a.  Violation of her 4th Amendment rights by being wrongfully arrested without probable cause by Defendants Sgt. Mason and Det. Rittgarn on August 14, 2008, as police relied on the "inconsistencies" between (a) conjectures, without any objective evidence, of an anonymous caller, plaintiff's foster mother, Peggy F. Cunningham, and Jordan Schweitzer that Plaintiff had made up the story of being raped and (b) the oral and written statement of Plaintiff, supported by ample physical evidence collected by the Lynnwood police that she had been raped , as the basis for picking her up and taking her down to the Lynnwood Police Station for interrogation.  (Dkt. 3, Pgs. 28-37).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 6
(2:13-cv-971)

H. R&#1110;chmond F&#1110;sher
Law Offices of H. Richmond Fisher
105 Mercer St., No. 308
Seattle, Washington 98109
Telephone (206) 282-7895
Fax (206) 285-2057

b.      Defendants ignored all the evidence collected by the Lynnwood Police Department on August 11, 2008 and collected by Providence Hospital Emergency Room on August 11, 2008 that supported Plaintiff's claim of being raped.  (Dkt. 3, Pgs. 26-29).

c.      Violation of her 5th and 6th Amendment rights by Defendants Sgt. Mason and Det. Rittgarn on August 14, 2008.  (Dkt. 3, Pg. 35-59).

d.      Failure by Defendants Sgt. Mason and Det. Rittgarn on August 14, 2008 to provide Miranda warnings to Plaintiff.  (Dkt. 3, Pg. 35-59).

e.      Defendant Sgt. Mason's statement to Cocoon House staff Wayne Nash and Jana Hamilton that Plaintiff had lied about being raped.  (Dkt. 3, Pg. 62).

f.      Violation of plaintiff's 4th and 14th Amendment right to due process of law by Defendant Det. Rittgarn's threat to Plaintiff to put her in jail if she failed a polygraph test.  (Dkt. 3, Pg. 102).

g.      Violation of Plaintiff's 14th Amendment rights against deprivation of substantive due process by Det. Rittgarn's threat to have her Cocoon House housing benefits withdrawn.  (Dkt. 3, Pg. 101).

**3.     Other Possible Accrual Dates.**

Further, Plaintiff's tort claim was timely served on Defendants and Plaintiff's complaint alleging violations of 42 USC 1983 was timely filed because they were served and filed within three years of any conceivable date of notice of the potential involvement of Defendant Marc O'Leary in this case.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 7
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

a. They were filed within three years of April 18, 2011, the date of the letter to Plaintiff from the Snohomish County Prosecutor advising her that Marc O'Leary had been charged with the crime of raping her.

b. They were filed within three years of April 14, 2011, the date that the Lynnwood Municipal Court ordered plaintiff's criminal record was expunged or deleted from the criminal agency filed.

c. They were filed within three years of March 16, 2011, the date that the City of Lynnwood had reopened Plaintiff's case and returned her bail of $500.00 and then closed her case again on March 17, 2011. This reopening of the case was ostensibly because Marc O'Leary had been arrested in Lakewood, Colorado in February, 2011, with evidence in his possession that linked him to the rape of DM.

d. They were filed within three years of March 17, 2011, the date that the City of Lynnwood closed Plaintiff's case again on March 16, 2011 after reopening it to return her bail.

e. They were filed within three years of February, 2011, the date that Marc O'Leary was arrested by police in Lakewood, Colorado for sexual assault and determined to be a suspect in the rape of Plaintiff.

**C. Plaintiff's Section 1983 Claims Against the City of Lynnwood Were Timely Filed and Should Not be Dismissed**

The Section 1983 claims against the City of Lynnwood were filed within three years of the accrual date and the other possible accrual dates identified above: June 6,

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 8
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

2012, April 18, 2011, April 14, 2011, March 17, 2011, March 16, 2011, and February, 2011.  Defendants; statement that April 7, 2010 is the accrual date for statute of limitations purposes is not correct.  Even though the charge against Plaintiff was dismissed on that date, the prosecution of Plaintiff did not end until April 14, 2011, when the Lynnwood Municipal Court ordered her criminal record deleted from the criminal justice agency files.

Furthermore, the claim was filed within 3 years and 60 days of April 7, 2010, the date that the charge was dismissed, and is, therefore, timely filed.  See *Castro v. Stanwood School District No. 401,* 151 Wash. 2nd 221, 226, 86 P.3d 1166, 1168, (Supreme Court En Banc, 2004), holding that "60 days is added to the end of the applicable statute of limitations," when suing a government entity in a tort action.

**D. The Facts Pled in Plaintiff's First Amended Complaint Do State 1983 Claims Against the City of Lynnwood Upon Which Relief Can Be Granted**

The facts pled in Plaintiff's First Amended Complaint are taken from the Lynnwood Police Department records and reports of their investigation of DM's report of being raped on August 11, 2008, sixty pages of which were attached to and made a part of Plaintiff's First Amended Complaint.  The facts include the following:  (a) Defendants Sgt. Mason and Rittgarn both arrested Plaintiff on August 14, 2008 citing as reasons the conjecture of an anonymous caller and two individuals, without objective evidence, that she made up the story; (b) both police officers disregarded ample objective evidence collected by them and other Lynnwood Police Officers that supported Plaintiff's claim of

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 9
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

being raped; (c) both police officers violated Plaintiff's 5th Amendment rights, violated her 6th Amendment rights, failed to give Plaintiff Miranda warnings, and extracted a forced confession from her that she made up the story; (d) Defendant Sgt. Mason telephone Cocoon House and told Defendant Wayne Nash that Plaintiff had lied about being raped and had signed a statement saying so; (e) Defendant Rittgarn wrote a follow on report in which he stated that he observed Plaintiff's wrists on August 11, 2008 and saw no red marks on them, when those red marks were observed and noted an photographed on August 11, 2008 by Lynnwood Police Officer Kelsey and Dr. Fields of Providence Hospital; (f) on August 18, 2008 Defendant Det. Rittgarn in the presence of Lynnwood Police Officer Sgt. Coheime, threatened Plaintiff with jail if she failed a polygraph test and threatened to have her Cocoon House housing benefits removed when she went back to the Lynnwood Police Station to recant her earlier written statement that she had not been raped.

These facts are sufficient to meet the legal standards for municipal liability set out below.

1. The facts pled are sufficient to show municipal liability because "they demonstrate that . . . the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008);

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 10
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

2. The facts also show that the police officers were not properly trained and "the failure to train amounts of deliberate indifference to the rights of persons with whom the officers come into contact." *City of Canton v. Harris,* 489 U.S. 376, 389-91, 109 S. Ct. 1197 (1989); and

3. The facts pled are also sufficient to establish Monell claims because they constitute a continuing violation, "which may be established through a series of related acts against one individual, or by a systematic policy or practice of discrimination." (See Defendants' Motion to Dismiss, p. 9, l 19 – p. 10, l 1).

The facts pled are sufficient to withstand a FRCP 12(b)(6) Motion, which is not a trial. It is early in this case, and the Rule 26 Disclosure has not yet occurred.

**E. Plaintiff's Outrage Claim was Timely Filed and Should Not Be Dismissed**

This claim was filed within 3 years of the accrual date of June 6, 2012, and within three years of the other possible accrual dates noted above: April 18, 2011, April 14, 2011, March 17, 2011, March 16, 2011, and February, 2011.

This claim was filed within 3 years of the date that the prosecution of Plaintiff ended, April 14, 2011, the date that the Lynnwood Municipal Court ordered Plaintiff's criminal record deleted from the criminal justice agency files.

Furthermore, the claim was filed within 3 years and 60 days of April 7, 2010, the date that the charge was dismissed, and is, therefore, timely filed. See *Castro v. Stanwood School District No. 401,* 151 Wash. 2nd 221, 226, 86 P.3d 1166, 1168,

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 11
(2:13-cv-971)

H. R<small>ICHMOND</small> F<small>ISHER</small>
L<small>AW</small> O<small>FFICES OF</small> H. R<small>ICHMOND</small> F<small>ISHER</small>
105 M<small>ERCER</small> S<small>T</small>., N<small>O</small>. 308
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98109
T<small>ELEPHONE</small> (206) 282-7895
F<small>AX</small> (206) 285-2057

(Supreme Court En Banc, 2004), holding that "60 days is added to the end of the applicable statute of limitations," when suing a government entity in a tort action.

Defendants' assertion that the Plaintiff should have known all the relevant facts pertaining to the tort of outrage on March 12, 2009, when she entered into the pretrial diversion agreement in Lynnwood Municipal Court is not correct.

### F. The State Law False Arrest and False Imprisonment Claims Are Timely Filed and Should Not Be Dismissed

Plaintiff's state law claims for false arrest and false imprisonment were timely filed within 2 years of the date that her injury was discovered, June 6, 2012, the date that Defendant Marc O'Leary pled guilty in Snohomish County Superior Court to the crime of raping DM on August 11, 2008.

### G. The State Law Defamation Claim is Timely Filed and Should Not Be Dismissed

Plaintiff's state law claim for defamation was timely filed within 2 years of the date that her injury was discovered, June 6, 2012, the date that Defendant Marc O'Leary pled guilty in Snohomish County Superior Court to the crime of raping DM on August 11, 2008.

Sgt. Mason's calling Cocoon House Case Manager Wayne Nash after the August 14, 2008 interrogation of Plaintiff and telling him that Plaintiff had lied about being raped was a defamatory act. Further, the charge and prosecution filing a false police report set in motion acts by Cocoon House staff and others that were defamatory and caused injuries to Plaintiff.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 12
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

### H. Plaintiff's Negligent Investigation Claim

Defendants' legal citations are correct and Plaintiff withdraws this claim.

### I. Claims Against Chief Jensen in His Official Capacity

Defendants' legal citations are correct and Plaintiff withdraws these claims.

### J. Defendants Are Not Prejudiced by Allowing All Claims to Go Forward Because They Prepared and Maintained All the Lynnwood Police Department Reports and Records that are the Basis of this Lawsuit

Defendants are not surprised by the claims in this case, nor are they prejudiced by allowing these claims to go forward. They have had all the reports and records that are the basis of their liability in their possession since August, 2008.

### K. Plaintiff Looks to This Court for Justice

Plaintiff, a teenager and participant in the state foster care system at the time, was raped by Defendant Marc O'Leary, abused by the Lynnwood Police Department, to which she turned for help, and abandoned by Cocoon House, her housing provider. She looks to this Honorable Court for justice.

It is in the interest of justice to deny Defendants' Motion to Dismiss, so that all her claims can go forward and be presented to the jury for determination.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 13
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

1     DATED this 5th day of August, 2013.

*s/ H. Richmond Fisher*
H. Richmond Fisher, Esq.,WSBA # 30946
Law Offices of H. Richmond Fisher
105 Mercer St., No. 308
Seattle, WA 98109
Telephone (206) 282-7895
Fax (206) 285-2057
E-mail: rich@winwinresolution.com
Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 14
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas P. Miller, WSBA #34473
CHRISTIE LAW GROUP, PLLC
2100 Westlake Avenue North, Suite 206
Seattle, WA 98109
Telephone: (206) 957-9669
Fax: (206) 352-7875
Email: tom@christielawgroup.com
Attorney for Defendants City of Lynnwood,
Jensen, Mason and Rittgarn

David J. Russell, WSBA #17289
Beth M. Strosky, WSBA #31036
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Email: drussell@kellerrohrback.com
bstrosky@kellerrohrback.com
Attorneys for Cocoon House, Jana Hamilton, Wayne Nash

    *s/ H. Richmond Fisher*
H. Richmond Fisher, Esq., WSBA # 30946
Law Offices of H. Richmond Fisher
105 Mercer St., No. 308
Seattle, WA 98109
Telephone (206) 282-7895
Fax (206) 285-2057
E-mail: rich@winwinresolution.com
Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF CITY OF LYNNWOOD, CHIEF STEVEN JENSEN SGT. JEFF MASON, AND DET. JERRY RITTGARN – 15
(2:13-cv-971)

H. RICHMOND FISHER
LAW OFFICES OF H. RICHMOND FISHER
105 MERCER ST., NO. 308
SEATTLE, WASHINGTON 98109
TELEPHONE (206) 282-7895
FAX (206) 285-2057